Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 389 | **DATE** | 3-1-2000 |
| **CASE TITLE** | Richard Maldonado (#09782-424) v. Raymond Andrews | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 1(b) and Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 and *In re Davenport,* 147 F.3d 605 (7th Cir. 1998).

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | MAR 0 3 2000 |
| | Notified counsel by telephone. | | date docketed |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| CAC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD MALDONADO, (#09782-424), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 00 C 389 |
| ) | |
| RAYMOND ANDREWS, Warden, ) | Hon. Marvin E. Aspen |
| ) | |
| Defendant. ) | |

DOCKETED
MAR 0 3 2000

## MEMORANDUM OPINION AND ORDER

Petitioner, Richard Maldonado, is a federal inmate currently housed at Taft Correctional Institute, Taft, California. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Eastern District of California. By order of Magistrate Judge Hollis Best, the case was transferred to the Northern District of Illinois.

A federal inmate may not petition for a writ of habeas corpus if a federal court has denied relief under 28 U.S.C. §2255, "unless it also appears that the remedy by [§2255] motion is inadequate or ineffective to test the legality of the detention." 28 U.S.C. §2255. Petitioner argues that it is proper for him to bring a §2241 habeas petition because "the District Court in which [petitioner] was convicted has ruled that AEDPA has foreclosed me from presenting the issues contained in this motion under the jurisdiction of 28 U.S.C. §2255. Therefore, **I have no option** but to present these issues under 28 U.S.C. §2241 to this court." (Habeas petition, pg. 3)

## DISCUSSION

Normally a person in custody by reason of a federal conviction may challenge his conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. §2255. This remedy normally supersedes the writ of habeas corpus. A §2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir.1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. §2241 if the remedy provided by 28 U.S.C. §2255 is inadequate or ineffective.

Maldonado contends that he falls within the exception of those for whom the §2255 motion is inadequate or ineffective to test the legality of his detention. The fact that the petitioner is barred from being a second §2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior §2255 motion). Instead, a petitioner under §2241 must demonstrate the inability of a §2255 motion to cure the defect in the conviction.

Maldonado cites *Davenport* in support of his position that §2255 is an inadequate remedy in his case. *Davenport*, for several reasons, presents a complicated analysis, including the fact that it consolidated the appeals of two prisoners who could not challenge their convictions under 28 U.S.C. §2255 because the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") imposed new barriers to the filing of a second or successive

motions under 28 U.S.C. §2255. Both appellants' arguments challenged "the fundamental legality of their sentences." *Davenport*, 147 F.3d at 609.

Davenport was convicted of being a felon in possession of a firearm and his sentence was enhanced under the "armed career criminal" statute; he contended that the enhancement was based in part on a burglary conviction not within the scope of that statute. The Seventh Circuit concluded that, for him, relief under §2255 was not inadequate because he could have presented his argument in his earlier petition.

Nichols, on the other hand, was convicted of the use of a firearm in the commission of a drug offense. After his first §2255 petition was denied, the Supreme Court held in *Bailey v. United States*, 516 U.S. 137 (1995), that the statute under which he was convicted did not apply to mere possessors of a gun. The holding was retroactive. *Bousley v. United States*, 523 U.S. 614 (1998). Nichols was then in the position of being convicted of a nonexistent crime, yet he did not qualify to file a successive petition under §2255 because his petition did not meet the criteria for allowable successive petitions. His claim was based on statutory construction, not newly discovered evidence nor a new rule of constitutional law. Under that circumstance, the Seventh Circuit found that Nichols was entitled to bring a motion under §2241.

The court noted that 28 U.S.C. §2255, unlike its counterpart 28 U.S.C. §2254 (addressing challenges to state-court convictions), contains "escape hatch" language, permitting a §2241 petition when §2255 is inadequate. The Seventh Circuit asked whether the AEDPA's limitations on successive petitions rendered §2255 "inadequate or ineffective" for Davenport or Nichols so that habeas relief under §2241 would be available. After considering this question,

the Seventh Circuit held that §2255 is not inadequate or ineffective merely because a petitioner could have used it to assert his challenge but may no longer avail himself of it. Relief under §2255 cannot be considered inadequate or ineffective if the prisoner's claim could have been included in a properly filed §2255 motion. *Davenport*, 147 F.3d at 609-612.

Maldonado's position is analogous to that of Davenport, not Nichols. It is only when a fundamental defect exists in the criminal conviction--a defect which cannot be corrected under §2255--that petitioner may turn to §2241. The important distinction here is that such defects **cannot** be corrected in a §2255 motion. In Maldonado's case, the complained of defects **could have been corrected** in a §2255 motion. Maldonado could have raised his claims in a timely fashion. Maldonado's §2241 petition is premised, at least in part, on the fact that he sought to file a motion challenging certain pre-trial decisions and seeking a new trial approximately one year after the conclusion of his direct appeal. Maldonado's position is that the conversion of his motion for a new trial into a §2255 motion precluded his ability to bring other claims. An appeal was the proper vehicle for Maldonado to argue that he did not in fact file a §2255 petition. Unfortunately for Maldonado, the Seventh Circuit affirmed both the trial court's decision to treat the motion as a §2255 motion and the resulting dismissal. Although Maldonado did not bring all his relevant claims when his §2255 motion was pending before the trial court, Maldonado's claims could have been brought at that time. The AEDPA ban on successive petitions does not make §2255 an inadequate or ineffective remedy for Maldonado.

In support of his petition, Maldonado cites several cases in which prisoners were permitted to bring claims under §2241. However, in all the cited cases, the petitioners were in a

position similar to that of Nichols. That is, the authorities that Maldonado cites refer only to cases involving *Bailey* claims. As Maldonado's claims for relief are not premised on *Bailey*, the cited cases are not persuasive. Maldonado simply does not present the court with a fundamental defect in his conviction that would allow his stale claims to be aired.

## CONCLUSION

The Court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 1(b) and Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 and *In re Davenport,* 147 F.3d 605 (7th Cir. 1998).

DATED: _____


ENTER:_____
       Marvin E. Aspen
       United States District Judge